**Boutros MALEK, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–1438.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 16, 2001.*

Decided Sept. 4, 2001.

Before COFFEY, EASTERBROOK, and ROVNER, Circuit Judges.

**Order**

Last year this court held that the Board of Immigration Appeals did not commit clear error or abuse its discretion in concluding that Boutros Malek had testified untruthfully, and that as a result Malek (a citizen of Lebanon who failed to leave the United States after his tourist visa expired) had not established the requirements for a grant of asylum. See *Malek v. INS,* 198 F.3d 1016 (7th Cir.2000). Less than two weeks after we released that decision, the BIA denied Malek's motion to reopen the order denying his application for asylum and withholding of removal. The motion to reopen, based on the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, G.A. Res. 39/46, 39th Sess., U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984), represented an effort to supply an additional legal basis for asylum. The BIA denied this motion because it

---

* This successive petition has been submitted to the panel that resolved Malek's prior application. See Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that a second oral argument is unnecessary, and this matter is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

rested on the same factual claims that Malek had earlier advanced, yet Malek "did not resolve the significant testimonial discrepancies which we noted in our [first] decision. Nothing presented by [Malek] causes us to doubt our prior determination regarding [Malek's] credibility."

Malek now seeks judicial review of this decision. Yet before this court, as before the Board, Malek has done nothing to repair his credibility problem. Indeed, Malek simply ignores the reason why he lost in the administrative proceedings (and why he lost in his prior request for judicial review), proceeding as if his factual claims concerning his and his family's treatment were established truth. We see no reason to change the view, expressed in our prior opinion, that the Board did not clearly err in ruling that Malek is not credible. (His record of convictions in the United States for fraud hardly helps overcome his credibility problem.)

Instead of addressing the reason why the Board denied his motion to reopen, Malek has advanced a new line of argument: that his wife and child now have been granted asylum, based (Malek asserts) on the same factual contentions that the BIA disbelieved in Malek's case. It is unclear why his child needed a grant of asylum; the last time the matter was here Malek stated that his children are U.S. citizens. As for the grant of asylum to his wife: We must take Malek's word for both the grant and the reasons supporting it, because he did not present this contention to the BIA, and the claim therefore is outside the record. Malek does not advance any reason for this omission or explain why we should (or even could) set aside an administrative decision on a ground that has never been presented to the agency, despite ample opportunity. According to Malek, his wife received a grant of asylum on July 23, 1998, about 18 months before the BIA denied the motion to reopen, yet the information was not brought to the Board's attention. Malek wants us to take "judicial notice" of his wife's asylum. Whether we should "notice" a case-specific event whose only support is an extra-record document tendered by a person with multiple convictions for fraud is doubtful, but the answer is not important given the forfeiture before the agency.

The petition for review is denied.